IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV399-1-MU

| | |
|---|---|
| JERRY C. COLE, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| RICK JACKSON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment (Doc. No. 17), filed February 4, 2008.

For the reasons provided herein, Defendant's Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed.

## COMPLAINT

In his Complaint Plaintiff alleges that Defendant Stamper, a physician's assistant at Lanesboro Correctional Institute, has been deliberately indifferent to his serious medical need. More specifically, Plaintiff alleges that he suffers from grand mal seizures and Defendant Stamper has "repeatedly refused to allow me to see Dr. Dawkins despite [his] repeated requests." (Compl. p. 12.)[1] Plaintiff further alleges that Defendant Stamper has stated that Plaintiff does not suffer from grand mal seizures and he has accused Plaintiff of faking such seizures. (Compl. p.

---

[1] The Court's references to page numbers in Plaintiff's Complaint correspond to the page numbers generated by the Court's electronic filing system.

12.) Plaintiff alleges that he has not been given the proper anti-seizure medications and as a result his seizures have continued. (Compl. p. 12.)

## ANALYSIS

### A. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 106 (1986); Celotex Corp. v. Catrett, 477 U. S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.

In opposing a summary judgment motion, the "non-moving party must do more than present a mere "scintilla" of evidence in his favor. Rather, the non-moving party must present sufficient evidence such that "reasonable jurors could find by a preponderance of the evidence for the non-movant." Sylvia Dev. Corp. v. Calvert County Md., 48 F.3d 810, 818 (4th Cir. 1995)(quoting Anderson, 477 U.S. at 249-50). An apparent dispute is "genuine" only if the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor. Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment must be granted." Anderson, 477 U.S. at 249.

### B. Deliberate Indifference Claim

To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs."

Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position.  See Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990).  In either case, however, the indifference must be substantial:  inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation.  See Daniels v. Williams, 474 U.S. 327 (1986).

In response to the broad allegations in Plaintiff's Complaint, Defendant Stamper has filed a thorough Motion for Summary Judgment detailing the extensive medical treatment received by Plaintiff between May 2006 and September 2007.  In support of his Motion for Summary Judgment, Defendant Stamper has filed a detailed affidavit which includes a copy of Plaintiff's medical records.  These records reveal, among other things, that Defendant Stamper personally examined Plaintiff on at least 19 occasions during this time period.  These records also reveal that Plaintiff was prescribed numerous medications by Defendant Stamper.  In addition Defendant Stamper recommended numerous tests such as a complete metabolic blood panel, a urinalysis, a lower spine x-ray, blood work, and MRIs.   Morever, Plaintiff recommended that Plaintiff see a neurologist.  Such conduct does not comport with a conclusion that Defendant Stamper was deliberately indifferent to Plaintiff's serious medical needs.  The fact that Plaintiff disagreed with the type of medicine he was prescribed or the particular medical personnel who treated him does not state a constitutional claim.

In addition, the Court notes that during this approximately sixteen month time period Plaintiff was sent to the hospital on at least eight occasions.  Furthermore, as is standard protocol,

Dr. Dawkins personally reviewed and co-signed Defendant Stamper's notes and orders regarding plaintiff's treatment.

Based upon the above, and the uncontroverted[2] facts set out in Defendant's Memorandum in Support of His Motion for Summary Judgment, this Court finds that Plaintiff has wholly failed to establish that Defendant Stamper was deliberately indifferent to his serious medical needs.

**IT IS, THEREFORE, ORDERED that:**

1. Defendant's Motion for Summary Judgment is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED.**

Signed: May 19, 2008

Graham C. Mullen
United States District Judge

---

[2] Plaintiff's only response to Defendant Stamper's Motion and the attached medical documents was to assert that he does not have fake seizures. Plaintiff does not refute any of the medical care he received as set forth in the medical records and Defendant Stamper's affidavit.